[Cite as *Stark Cty. Treasurer ex rel. Ferrero v. Frustaci*, 2011-Ohio-5094.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STARK COUNTY TREASURER ex rel. JOHN D. FERRERO, et al. | JUDGES: Hon. John W. Wise, P. J. Hon. Patricia A. Delaney, J. |
| Appellees | Hon. Timothy P. Cannon, V. J. (From the 11th District, sitting by Supreme Court Assignment) |
| -vs- | |
| VINCENT FRUSTACI, et al. | Case No. 2010 CA 00244 |
| Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:       Civil Appeal from the Court of Common Pleas, Case No. 2010 CV 02773 (consolidated with Case No. 2010 CV 03025

JUDGMENT:                                    Dismissed

DATE OF JUDGMENT ENTRY:       September 30, 2011

APPEARANCES:

For Appellees

JOHN D. FERRERO
PROSECUTING ATTORNEY
ROSS RHODES
ASSISTANT PROSECUTOR
110 Central Plaza South
Suite 510
Canton, Ohio  44702

For Appellants

JOSEPH E. CIRIGLIANO
MATTHEW W. NAKON
AMY L. DELUCA
WICKENS, HERZER, PANZA,
COOK & BATISTA CO.
35765 Chester Road
Avon, Ohio  44011-1262

*Wise, P. J.*

**{¶1}** Appellant Gary D. Zeigler appeals the August 25, 2010, decision of the Stark County Common Pleas Court finding R.C. §321.38 does not violate Article II, Section 38 of the Ohio Constitution.

**{¶2}** Appellee is the State of Ohio.

**{¶3}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

**{¶4}** "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

**{¶5}** This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

**{¶6}** In November, 2008, Appellant Gary Zeigler was elected Stark County Treasurer. During Appellant's term as treasurer, his chief deputy, Vincent Frustaci, was alleged to have stolen up to $2,964,560.00 from the county treasury. Upon receiving notice of Frustaci's alleged financial misconduct, the state auditor initiated a special audit of the treasurer's office. In the special audit report, the state auditor found shortages in the county treasurer's depository balance due to unauthorized withdrawals. The shortage amounted to $2,964,560.00.

{¶7} On June 25, 2010, Frustaci pleaded guilty to charges filed against him in the United States District Court for the Northern District of Ohio alleging that he had stolen $2,464,989.00 from the Stark County treasurer's office.

{¶8} In July, 2010, the Stark County auditor requested that the Stark County prosecuting attorney initiate a lawsuit against Zeigler pursuant to R.C. §321.37 to recover the stolen funds. The prosecutor then requested by letter that Zeigler repay the $1.5 million deficit in the treasurer's accounts that would remain after all other sources of repayment had been exhausted. The prosecutor advised Zeigler that he was personally liable by statute, regardless of any lack of evidence of Zeigler's culpability regarding the stolen funds, and he further advised Zeigler that a civil suit would be considered if Zeigler failed or refused to respond.

{¶9} Zeigler did not respond.

{¶10} On July 28, 2010, a Complaint was filed in the Stark County Court of Common Pleas, in the name of the office of the Stark County Treasurer, the state of Ohio, and the board of commissioners for recovery of the money from Frustaci, Zeigler, and sureties on bonds given by Zeigler for his term of office as county treasurer.

{¶11} The board of commissioners issued notices for special meetings to be held on August 2 and 12, 2010, "[t]o consider the status of the Treasurer's Office in light of [the] pending action by the Stark County Prosecutor pursuant to [R.C.] 321.37."

{¶12} The Common Pleas Court granted a temporary restraining order on behalf of Zeigler, who wished to maintain the status quo pending resolution of a constitutional challenge that he intended to bring to R.C. §321.38 insofar as it permits the removal of

the county treasurer by the board of commissioners upon institution of a suit under R.C. §321.37.

{¶13} Zeigler then filed an action in the Stark County Court of Common Pleas court for declaratory and injunctive relief, seeking to prevent the board of commissioners from invoking R.C. §321.38 to remove him from office, on grounds that R.C. §321.38 is unconstitutional. The trial court consolidated the case with the prosecutor's recoupment action under R.C. §321.37.

{¶14} On August 18, 2010, the board of commissioners adopted a resolution to hold a special meeting and hearing on August 23rd to "consider the Special Audit Report and the Complaint," "determine whether GARY D. ZEIGLER, Stark County Treasurer, has failed to make a settlement or to pay over money as prescribed by law," and "determine whether the Board should remove such Stark County Treasurer pursuant to R.C. 321.38." The board further specified that copies of the resolution, the special audit report, and the prosecutor's complaint filed under R.C. §321.37 would be delivered to Zeigler and that he would be "afforded an opportunity to appear, with or without counsel, and be heard at the aforesaid special meeting and hearing."

{¶15} Zeigler declined to attend the special meeting and hearing on grounds that "R.C. §321.38 is unconstitutional and that no action taken by the Stark County Commissioners to hold a special meeting or otherwise attempt to remedy the due process deficiencies contained in the statute correct[s] the constitutional shortfalls." Zeigler additionally stated that four days' notice "is insufficient time to allow for a proper constitutional hearing."

{¶16} On August 23, 2010, the date of the special hearing, the trial court declared that "R.C. 321.38 when read *in pari materia* with R.C. 321.37 does not violate Article II, Section 38, of the Ohio Constitution," that the "due process clause of the Fourteenth Amendment to the United States Constitution is not applicable to the within action," and that "[a]ny due process issue under either the United States or Ohio Constitution[ ] is resolved by the Board's resolution of August 18, 2010." The trial court denied Zeigler's motions for injunctive relief.

{¶17} Zeigler filed the instant appeal from the trial court's order with this Court.

{¶18} On that same day, the board of commissioners conducted an evidentiary hearing at which the board found that "the evidence presented demonstrated that there is no factual question that * * * $2,964,560 * * * came into the county treasury, and that said money is missing, * * * that Treasurer Zeigler failed to make settlement or to pay over money that is prescribed by law," and "the evidence showed that the theft from the Stark County Treasury was not an isolated incident, but occurred over a long period of time during Treasurer Zeigler's tenure." The board further found that "although Treasurer Zeigler committed no crime or malfeasance, [he] fail[ed] to appear and be heard about procedures he has implemented to restore the public's confidence that their tax dollars are protected in the future." At the conclusion of the hearing, the board voted to remove Zeigler immediately from the office of Stark County treasurer pursuant to R.C. §321.38. The board appointed Deputy Treasurer Jaime Allbritain to be acting county treasurer.

{¶19} On September 7, 2010, Zeigler filed an action for a writ of quo warranto with the Ohio Supreme Court seeking to oust Allbritain and to be reinstated to the office of Stark County treasurer.

{¶20} The appeal filed in this Court was stayed pending the resolution of the quo warranto case.1

{¶21} Allbritain filed an answer and a motion for judgment on the pleadings, but Kenneth N. Koher, appointed as Stark County treasurer on September 20, was substituted as respondent. The motion for judgment on the pleadings was denied, and an alternative writ was granted by the Ohio Supreme Court. *State ex rel. Zeigler v. Koher,* 127 Ohio St.3d 1443, 2010-Ohio-5762, 937 N.E.2d 1034.

{¶22} A November 2, 2010, election was held to fill Zeigler's unexpired term, and Koher was defeated by Alexander A. Zumbar, who was then automatically substituted as the respondent in Supreme Court case.

{¶23} The quo warranto action proceeded before the Supreme Court and on June 23, 2011, the Supreme Court held that R.C. 321.38 is incompatible with Section 38, Article II of the Ohio Constitution and is unconstitutional on its face because it "does not require a complaint and hearing before authorizing a board of county commissions to remove a county treasurer." (*State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939.)

---

1 The Supreme Court allowed the quo warranto action on a finding that Appellant did not have an adequate remedy at law by way of his appeal to this court from the common pleas court judgment in his action for declaratory relief, finding that such could not result in the ouster of the respondent. (See *State ex rel. Zeigler v. Zumbar,* 129 Ohio St.3d 240, 2011-Ohio-2939.

**{¶24}** The stay in this matter has been lifted and Appellant's appeal is now before this Court. Appellant assigns the following error for review:

## ASSIGNMENTS OF ERROR

**{¶25}** "I. THE TRIAL COURT ERRED WHEN IT DECLARED R.C. 321.38 CONSTITUTIONAL AND DENIED APPELLANT'S REQUEST FOR INJUNCTIVE RELIEF, AS THAT SECTION OF THE OHIO REVISED CODE VIOLATES ARTICLE II, SECTION 38 OF THE OHIO CONSTITUTION."

### I.

**{¶26}** The sole issue raised in this appeal is whether R.C. 321.38 violates Section 38, Article II of the Ohio Constitution.

**{¶27}** As this issue has been determined in the affirmative by the Ohio Supreme Court in its decision in *State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, we find Appellant's sole assignment of error moot.

**{¶28}** For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas of Stark County, Ohio, is dismissed.

By: Wise, P. J.

Delaney, J., and

Cannon, V. J., concur.

_____

_____

_____

JUDGES

JWW/d 0831

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STARK COUNTY TREASURER ex rel.    :
JOHN D. FERRERO, et al.    :
    :
    Appellees    :
    :
-vs-    :    JUDGMENT ENTRY
    :
VINCENT FRUSTACI, et al.    :
    :
    Appellants    :    Case No. 2010 CA 00244


For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Stark County, Ohio, is dismissed.

Costs assessed to Appellees.


_____

_____

_____

JUDGES